1. APPEAL—RULE OF COURT—SERVICE OF BRIEFS—DEFAULT—EFFECT.

Under rule 15 of the Third Department of the Appellate Division of the Supreme Court, providing that at least 20 days before a term of the court at which a cause may be noticed for argument the appellant shall serve on the attorney for the respondent three printed copies of his brief, the failure to serve briefs until within 15 days of the term is cause, in the absence of special reason to the contrary being shown, for putting the case over the term.

In the matter of the final judicial settlement of the account of Henry J. Haase, as executor of the estate of Gertrude H. Reidinger, deceased. On motion to put case over term. Granted.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

T. F. Aldridge, for the motion.

H. H. Rockwell, opposed.

PER CURIAM. By rule 15 of the rules of this department, it is provided that at least 20 days before a term of the Appellate Division at which a cause may be noticed for argument the appellant shall serve upon the attorney for the respondent three printed copies of his brief and points upon which he intends to rely upon the argument, with a reference to all the authorities which he intends to cite to the court. It is further provided that at least eight days before said term the respondent shall serve upon the attorney for the appellant three printed copies of his brief and points, with a reference to all the authorities which he intends to cite to the court. Thereafter, if the appellant desires to present a brief or points in reply, he may serve the same upon the attorney for the respondent at least three days before said term. This is a motion to put a case over the term, made by the respondent, upon the ground that the printed copies of the appellant's brief were not served upon the attorney for the respondent until within 15 days of the commencement of the term.

This rule was intended not only for the benefit of the litigating parties, but also for the benefit of the court, that the attention of either party may be directed to the exact question raised by his opponent upon the appeal. The rule has been found to be a valuable one in confining arguments to the single issue raised by the attorneys upon the appeal, and we are inclined to enforce a strict observance thereof. In answer to this motion the appellant states no special reason why his default should be excused, or that the interests of his client would suffer by a postponement of the case as asked for. If such excuse were shown, and the necessity for an early hearing were made clearly to appear, the court might upon terms, or otherwise, relieve the appellant from the consequences of his default and refuse to compel a postponement of the argument. There is no reason, therefore, why the rule in the case at bar should not be enforced and the case be postponed. The rule itself prescribes no penalty for its violation. The court is therefore left with full power to give full protection to every party from either a willful disobedience of the rule or from such a noncompliance therewith as will prejudice his rights.

The case should be put over the term, and it is so ordered.